# IN THE MATTER OF
# MARVIN W. QUINLAN, JR.,
## An Attorney and Counselor at Law.

No. 90-236.
Nov. 29, 1990.
801 P.2d 1337.

CHIEF JUSTICE TURNAGE delivered the Order.

### ORDER AND PUBLIC CENSURE

The following proceedings were had before this Court in its Courtroom in the Justice Building in Helena, Montana, on Thursday, November 29, 1990, beginning at 10:30 a.m.

CHIEF JUSTICE: This is the time and place set under our order of November 8, 1990, for the public censure of Marvin W. Quinlan, Jr., as an attorney and counselor at law admitted to the Bar of this state.

Mr. Quinlan, will you please come to the speakers' stand in the well of the Court?

Are you, Marvin W. Quinlan, Jr., one and the same person as the attorney named in this proceeding?

MARVIN W. QUINLAN, JR.: Yes.

CHIEF JUSTICE: Are you represented by counsel at this time?

MARVIN W. QUINLAN, JR.: No.

CHIEF JUSTICE: One of the justices will now deliver the public censure of this Court.

ADMINISTERING JUSTICE: Mr. Quinlan, you are before this Court today because of a report in the form of findings of fact, conclusions of law and recommendation submitted to this Court by the Commission on Practice on June 21, 1990.

You have been provided with a copy of that report but for the purposes of this proceeding, a review of the report is in order.

A formal complaint was filed against you by the Commission on Practice in this Court on May 7, 1990, and thereafter, formal proceedings ensued in connection with the complaint against you.

The complaint alleged in Count I, that on October 31, 1988, you, acting in your capacity as County Attorney for Rosebud County, conducted an interview at the Rosebud County Jail with one John Richter, also known as John Johnson, at a time when Richter was represented by counsel. It was alleged that the interview related to matters within the scope of the representation of Richter by other counsel. It was further alleged that you had acknowledged that the interview had taken place out of the presence and without the consent of Richter's counsel. Accordingly, in Count I you were charged with violating the provisions of Rule 4.2 of the Rules of Professional Conduct adopted by this Court.

In Count II, the complaint alleged that the Commission on Practice had issued and ordered you to appear before the Commission in its meeting place on April 20, 1990. You were served with a copy of that order by certified mail, and a return receipt showed that you had received it on March 19, 1990. Nonetheless, you failed to appear at the time and place designated by the Commission in its order to appear.

Count II further alleged that no justification or excuse or grounds for your failure to comply with the order was proffered. In so failing to comply with the lawful order of the Commission or to state grounds for refusal to do so you violated Rules 7(f) of the Rules for Lawyer Disciplinary Enforcement.

A hearing on the complaint by the Commission against you was eventually commenced on Thursday, May 31, 1990, in accordance with notices provided to you and of which you acknowledged receipt.

Again you failed to appear and defend the allegations contained in the complaint although given full opportunity to do so. Moreover, you have filed no written response to the allegations in the complaint.

The matter of your nonappearance greatly concerned the Commission. The Chairman of the Commission, Rockwood Brown, got in touch with you by telephone on the date of the ordered hearing, and Mr. Brown reported to the Commission that you did not intend to attend the hearing of your own volition but that you would file a response to the complaint at a later date. The time had already passed for a response from you. The Chairman reported that you offered no explanation for not appearing and the Commission had no choice but to proceed in your absence.

The proceedings that followed resulting in the report to which we have adverted, the findings of fact, conclusions of law, and the recommendation from the Commission on Practice that you would be publicly censored by this Court, that you be directed to pay the costs of the proceedings against you, and that you be suspended from the practice of law for a period of ten days.

In accordance with the rules in such cases made and provided, you were then given thirty days by this Court to respond to the report of the Commission and to make any objections to its findings or conclusions which you might have. You made no such formal response, but did send a letter on July 25, 1990, to Rockwood Brown, the Chairman of the Commission on Practice, which is now in this file and about which there might be some comments later from members of this Court.

This Court requested the Commission on Practice to review your letter of July 25, 1990, and we were informed by the Commission on Practice that in the light of the letter, it found no reason to reconsider or modify its report, findings of fact and conclusions. Accordingly, on October 19, 1990, this Court adopted and approved the findings of fact, conclusions of law and the recommendation for public censure which brings you before this Court on this day. We have reserved for a future order the question whether you should pay the costs of these proceedings, and whether you should be suspended in accordance with the recommendation of the Commission.

This censure will focus for the present on the uncontested proceedings before the Commission on Practice and the matters raised by the findings and conclusions for which no proper defense has been given, and which this Court must find as true.

It was clearly improper for you as a lawyer to communicate with the client of another lawyer about the subject of the representation of that client by the other lawyer without the consent of the other lawyer, outside of his presence, and without the authority of the lawyer or any authority of law to do so. That requirement is set out in Rule 4.2 of the Rules of Professional Conduct promulgated by this Court. Such a violation of the Rules would be a very serious matter if it occurred in a civil proceedings. It is doubly serious when the rule is violated by a county attorney representing the state, interviewing a charged defendant outside the presence of his lawyer, without authority, without consent, in surroundings totally dominated by law enforcement personnel. You were not simply an attorney representing a civil client and impermissibly stepping over the line — you were violating the very essence of the concepts of fair trial and right to counsel guaranteed by our state and federal constitutions to every person charged with crime.

We gather from your letters and from the responses of your deputy, Gary Ryder, that the methods employed by the charged person's lawyer in his representation of Richter were reprehensible to you, and were such that you felt they obstructed the course of the administration of justice. Those factors, however, were not a sufficient excuse for you to take matters into your own hands, and go to the client of another attorney, and extract information about the representation that client was receiving from his attorney and admissions which may have led to his eventual conviction. That kind of representation of the State of Montana in criminal cases cannot be tolerated by this Court and you are hereby very strongly censured for having so acted.

Then comes the matter of your refusal to cooperate, in effect, with the Commission on Practice, when the complaint was made against you. You did not respond, you ignored letters and you left the members of the Commission in the dark as to whatever reasons you may have had for the allegations against you. In so doing, you violated Rule 9(c) of the Rules of Lawyer Disciplinary Enforcement promulgated by this Court.

Mr. Quinlan, when you applied for admission to the Bar in this state, you signed an oath that you would strive to uphold the honor and to maintain the dignity of the profession to improve not only the law but the administration of justice. You have not followed that oath.

When you were sworn in before this Court and admitted to practice law in the courts of this state, you further took an oath that you would faithfully discharge the duties of an attorney to the best of your knowledge and ability, and you specifically accepted and said you would faithfully follow the Rules of Professional Conduct promulgated by this Court. You have violated that oath also.

Mr. Quinlan, if you are going to remain as a lawyer admitted to the Bar in this State, we warn you that the Rules of Professional Ethics, and the Rules for Professional Disciplinary Enforcement are worth more than the paper on which they are written. They were meant to be enforced and lived up to and no lawyer can be permitted to pick and choose among the rules so promulgated and to observe those to which he accedes and ignore the others at his own suit. You are hereby publicly censured. This proceeding is a blot on your record as a lawyer, a blot that you cannot remove, but for which you may atone, if in the future, if you study anew and observe in the future those rules which are set out not for your protection but for the protection of the public.

We will now proceed to discuss with you the other recommendations of the Commission upon which a further Order from this Court will ensue.

## ORDER

In view of the foregoing, and in accordance with the report and recommendation of the Commission on Practice heretofore submitted to this Court in this cause, you are hereby publicly censured. You are served herewith a copy of this public censure and a copy shall be delivered the Secretary of the Commission on Practice for keeping in its files.

Done and Dated this 29th day of November, 1990, under the authority imposed on us under Art. VII, § 2(3), of the Montana Constitution.

s/ J.A. Turnage, Chief Justice
s/ John Conway Harrison, Justice
s/ John C. Sheehy, Justice
s/ Diane G. Barz, Justice
s/ William E. Hunt, Sr., Justice
s/ R.C. McDonough, Justice
s/ Fred J. Weber, Justice